NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2783
_____

GERMAN CORDERO MARTINEZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A045-045-877)
Immigration Judge:  Honorable John B. Carle
_____

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2018

Before: JORDAN, KRAUSE, and GREENBERG, *Circuit Judges*

(Opinion filed: March 26, 2018)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Petitioner German Martinez, a native and citizen of Guatemala who was deported earlier this year, petitions for review of the BIA's decision to affirm withholding of removal and denial of relief under the Convention Against Torture (CAT). We will deny review.

I.      **Background**

Following the murder of his father, a military recruiter who carried out mandatory conscription orders for the Guatemalan government, and the murder of a young sister, Martinez joined his mother and siblings in the United States and was admitted as a lawful permanent resident. He was subsequently deemed inadmissible and removed to Guatemala as a result of a conviction for committing a lewd act with a minor, a crime involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). Upon his removal, according to Martinez, he initially remained in his hometown where he was threatened by the same family that had murdered his father and sister; he then relocated and ultimately lived for approximately six years in Guatemala City, where he was not contacted again by the family that threatened him but was required, like others in the area, to make "rent" payments, a form of extortion, to the MS-18 gang.

After Martinez illegally reentered the United States, and the Department of Homeland Security reinstated his earlier order of removal, Martinez sought withholding of removal on the ground that he was persecuted due to his membership in three purportedly protected "particular social group[s]," *see* 8 CFR § 1208.16(b)(1)(i): (1) his

2

family, which he contends was targeted on account of his father's former occupation, (2) a group of Guatemalans with "American accent[s]," AR 401, targeted by the MS-18 gang because it is assumed they have access to resources, and (3) a group of Guatemalans targeted by MS-18 because of previous resistance to the gang's extortions. He also seeks relief under the CAT.

Following a hearing and testimony, the IJ rejected his claims. The IJ concluded that Martinez failed to allege a clear probability of future persecution on account of a particular group because, even accepting that Martinez's family was a particular social group that was threatened because of his father's former employment, his "past experiences in Guatemala do not rise to the level of past persecution," AR 135, such that he could not establish a rebuttable presumption of future persecution, and the record demonstrated Martinez could avoid persecution by relocating to another part of Guatemala. The IJ found Martinez's other two purported groups were not cognizable and determined his fears were largely due to "general conditions of crime and violence," that do not "constitute a basis for a well-founded fear of persecution" within the meaning of the INA, AR 137.[1] For those reasons, the IJ denied Martinez's application, and the BIA summarily affirmed. This petition for review followed.

## II.     Jurisdiction and Standard of Review

---

[1] Martinez also sought protection under the CAT, but the IJ held Martinez had not met his burden to prove a clear probability of torture by the acquiescence of the government. Martinez did not challenge that ruling on appeal to the BIA in his petition for review. It is therefore waived.

The BIA had jurisdiction over Martinez's appeal from the IJ's removal order under 8 U.S.C. § 1103 and 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction over his petition for review of the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the "final agency determination." *Borrome* v. *Att'y Gen.*, 687 F.3d 150, 154 (3d Cir. 2012). We review legal determinations de novo, *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 194 (3d Cir. 2017), but when evaluating factual findings, we apply a deferential standard of review: "We must accept factual findings if supported by substantial evidence," which means "we must uphold the [IJ's] determination unless the evidence would compel any reasonable fact finder to reach a contrary result." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684 n.5 (3d Cir. 2015).

## III.   Discussion

Martinez raises three arguments in this case, but none are persuasive. *First*, Martinez contends that, because the family that threatened him and killed his father and sister is large and found throughout the country, the IJ erred in finding that he was able to relocate within Guatemala to avoid persecution. In his own testimony, however, Martinez acknowledged that he was "not threatened or harmed by the group that targeted his father" when he moved to Guatemala City and that he was able to remain there with no further contact or threats from that family for approximately six years. AR 141. The IJ's finding is thus supported by "substantial evidence," *Gonzalez-Posadas*, 781 F.3d at 684 n.5, and because it is "reasonable to expect" Martinez to relocate from his hometown, 8 C.F.R. § 208.16(b)(2), as he had done before, this claim of error fails.

4

*Second*, Martinez argues that the IJ, in concluding he failed to establish a history of past persecution, ignored an incident in which a gun was put to his head by a member of the family that threatened him. But the record reflects otherwise: At a hearing, the IJ expressly acknowledged Martinez's testimony that he was "threatened at gunpoint, but never physically harmed," AR 137, concluding that this and other incidents were not "so menacing as to cause significant, actual suffering or harm." AR 137 (quoting *Chavarria v. Gonzalez*, 446 F.3d 508, 518 (3d Cir. 2006)). Martinez conceded that he wasn't "physically harmed" nor did he "suffer any injuries," from MS-18. AR 198. Thus, substantial evidence also supports the IJ's determination that Martinez did not experience past persecution. *See Chavarria*, 446 F.3d at 518.

*Finally*, Martinez asserts that the IJ committed legal error in concluding that the social groups of Americanized Guatemalans and those who had previously been extorted by MS-18 were not cognizable under the INA. But we need not resolve this issue because, even assuming they are cognizable, we agree with the IJ that Martinez failed to show a nexus between the persecution he claims he will endure and these purported protected grounds. *See Ndayshimiye v. Att'y Gen.*, 557 F.3 124, 129 (3d Cir. 2009). Martinez's own testimony reflected that his fears of making rent payments to MS-18 and being threatened because MS-18 members think he has access to resources are shared by "everyone in their surrounding areas," AR 532, and as the IJ correctly observed, it is "well-established" that fear of "general conditions of crime and violence affecting the populous," does not qualify for protection absent a "nexus to a statutorily protected ground." AR 137. *See Abdille v. Ashcroft*, 242 F.3d 477, 494 (3d Cir. 2001) (holding

5

that mere "random street violence" and "ordinary criminal activity," when "motivated . . . by arbitrary hostility or by a desire to reap financial rewards," is insufficient to establish eligibility for protection under the INA).

## III. Conclusion

For the foregoing reasons, we will deny Martinez's petition for review.